## ROSEMAN v. UNIVERSAL LIFE & ACCIDENT INS. CO.

No. 3745.

Court of Civil Appeals of Texas. El Paso.

Sept. 22, 1938.

Rehearing Denied Oct. 13, 1938.

Rufus N. McKnight, of Dallas, for appellant.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellee.

NEALON, Chief Justice.

Appellant seeks to reverse a judgment rendered in the County Court at Law No. 1 of Dallas County in a suit brought by appellant against appellee upon a policy of insurance upon the life of Clarence Roseman. By the terms of the policy appellee obligated itself to pay appellant $500 upon proof of the death of insured if the death resulted "exclusively and independently of all other causes through external, violent or accidental means," but expressly excluding from its coverage death resulting from injuries intentionally inflicted by another person. Insured was shot to death by one Cleo Arnwein. The jury, in response to a special issue, answered that the death of Roseman did not result from injuries intentionally inflicted by Arnwein. Upon motion the court rendered judgment non obstante veredicto in favor of appellee.

### Opinion.

Appellant contends that the provision excluding liability for death produced intentionally transgressed R.C.S. Article 4733. This assignment is overruled.

Appellant insists, also, that the evidence raises a jury question as to Arnwein's capacity to form an intention to injure at the time he shot Roseman. With this contention we can not agree. There is evidence to indicate that he was somewhat under the influence of intoxicating liquor; but he shot at Roseman four times and each shot took effect; and when Satterwhite, a companion of Roseman's, attempted with his left hand to pick up the latter's pistol Arnwein shot him through the left hand. Immediately Satterwhite transferred the pistol to his right hand and Arnwein shot him through that hand. There were others nearby who might have been hit by one shooting wildly, but Arnwein shot only Roseman and Roseman's friend, in whose hands the dead man's pistol might have proved dangerous to Arnwein. Arnwein then retreated from the scene of the fight until he was out of range of Satterwhite, who began shooting at him. There is no reasonable ground for doubting that he was sufficiently rational to appreciate the nature and the physical consequences of his act.

The judgment is affirmed.